UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MATHEUS PLAZZI, JOSHUA PRESCOTT, and TULIO BRITO COSTA,<br><br>Plaintiffs,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC.,<br><br>Defendant. | Case No. 21-cv-12130-DJC |

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                                                          **April 13, 2022**

## I.   Introduction

Plaintiffs Matheus Plazzi, Joshua Prescott and Tulio Brito Costa ("Plaintiffs") have filed this lawsuit against Defendant FedEx Ground Package System, Inc. ("FedEx") alleging violation of the Massachusetts Wage Act, Mass. Gen. L. c. 149, § 148 *et seq.*  D. 1-4.  FedEx has moved to dismiss.  D. 9.  For the reasons stated below, the Court ALLOWS the motion.

## II.   Standard of Review

Pursuant to Fed. R. Civ. P. 12(b)(1), a defendant may move to dismiss an action for lack of subject matter jurisdiction.[1]  "[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence."  Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995)

---

[1] Although FedEx does not invoke Rule 12(b)(1), it does argue, among other alleged defects, lack of standing, which is jurisdictional.  See D. 9 at 1; D. 10 at 10–11; United States v. AVX Corp., 962 F.2d 108, 113 (1st Cir. 1992).  "[C]hallenges to a court's subject matter jurisdiction . . . are treated as brought under Rule 12(b)(1) even if improperly identified by the moving party as brought under Rule 12(b)(6)."  St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989).

1

(quoting Taber Partners, I v. Merit Builders, Inc., 987 F.2d 57, 60 (1st Cir. 1993)).  To determine if the burden has been met, the Court "take[s] as true all well-pleaded facts in the plaintiffs' complaints, scrutinize[s] them in the light most hospitable to the plaintiffs' theory of liability, and draw[s] all reasonable inferences therefrom in the plaintiffs' favor."  Fothergill v. United States, 566 F.3d 248, 251 (1st Cir. 2009).

A defendant also may move to dismiss for a plaintiff's "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion, a complaint must allege "a plausible entitlement to relief."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007).  Although detailed factual allegations are not necessary to survive a motion to dismiss, the standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 555.  "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint."  Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 13 (1st Cir. 2011).

**III.     Factual Background**

The following factual allegations in Plaintiffs' complaint, D. 1-4, are accepted as true for the purpose of resolving the motion to dismiss.

Plaintiffs were formerly employed as delivery drivers by Eloah Delivery ("Eloah"). D. 1-4 ¶ 21.  Eloah was an "independent service provider" ("ISP") of FedEx.  Id. ¶¶ 7, 21, 32.  ISPs typically handle three or more FedEx delivery routes and follow FedEx's policies and procedures. Id. ¶¶ 9–10.  FedEx maintains strict control over the way in which Plaintiffs and other delivery drivers working under ISPs perform their work.  See id. ¶¶ 12–17.  Delivery drivers hired by FedEx ISPs are classified as "employees" of the ISPs.  Id. ¶¶ 7, 9.  For example, under its ISP Agreement with FedEx, Eloah agreed that it would "assign only Personnel, including officers and managers,

that [Eloah] ensures are treated as employees of [Eloah] in the provision of Services under this Agreement." D. 10-1 at 5 § 6.2.[2]  Further, Eloah agreed under the ISP Agreement to "assume sole responsibility for payroll deductions and maintenance of payroll and employment records, and for compliance with Applicable Law, including . . . wage payment, final payment of wages, required withholdings from wages, deductions, overtime, and rest and meal periods."  See D. 10-1 at 5 § 6.2(C).

Plaintiffs allege that, while employed by Eloah, their supervisor, Felipe Souze Prado ("Prado"), paid them each week by transferring money to their bank accounts through the electronic payment application Zelle.  D. 1-4 ¶¶ 23, 25.  Prado told Plaintiffs he was withholding taxes equaling twenty-three percent of their gross pay per week.  Id. ¶ 25.  Plaintiffs were under the impression that Prado was withholding all required state and federal taxes and that they would receive a W-2 tax form from the Internal Revenue Service ("IRS") reflecting their gross wages following the 2020 calendar year.  Id. ¶ 26.  Plaintiffs never received their W-2 forms.  Id. ¶¶ 27, 29.  As alleged, the portion of their pay purportedly withheld by Eloah to satisfy state and federal tax obligations was not delivered to the relevant tax authorities.  Id. ¶¶ 30–31.

## IV. Procedural History

Plaintiffs commenced this action in Middlesex Superior Court.  D. 1-4.  FedEx removed the case to this Court, D. 1, and subsequently moved to dismiss, D. 9.  The Court heard the parties on the pending motion and took the matter under advisement.  D. 21.

---

[2]The Court has considered the ISP Agreement with Eloah, D. 10-1, attached to FedEx's memorandum, since it is "sufficiently referred to in the complaint."  See Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993); D. 1-4 ¶¶ 8, 10.

V.      Discussion

      A.      **Statutory Bar**

Plaintiffs claim that Eloah's failure to deliver their withheld taxes to the relevant tax authorities constitutes a violation by FedEx of their rights under the Massachusetts Wage Act. D. 1-4. FedEx argues that Plaintiffs' claim is barred by federal and Massachusetts law. D. 10 at 6–9; D. 20 at 2–4. Employers like Eloah are required to withhold taxes from their employees' pay. See 26 U.S.C. §§ 3102, 3402; Mass. Gen. L. c. 62B, §§ 2, 5. Withheld taxes "are deemed to be a 'special fund in trust for the [government].'" See Slodov v. United States, 436 U.S. 238, 243 (1978) (quoting 26 U.S.C. § 7501(a)). "Once net wages are paid to the employee, the taxes withheld are credited to the employee regardless of whether they are paid by the employer, so that the [tax authority] has recourse only against the employer for their payment." Id. "The employee is automatically given credit on [his] individual federal tax liability for the amount of taxes so withheld, even though the employer may not have turned over such sums to the [g]overnment." Chandler v. Perini Power Constructors, Inc., 520 F. Supp. 1152, 1153 (D.N.H. 1981) (citing 26 U.S.C. § 1462) (further citation omitted); see Mass. Gen. L. c. 62B, § 9 (providing that employee receives tax credit for the "amount deducted and withheld as tax" by employer).

As alleged, Plaintiffs' employer withheld monies for taxes but failed to pay them. D. 1-4 ¶¶ 30–31. Even as it is alleged that this failure to pay the tax authorities rendered such wages "stolen," id. ¶ 32, such amounts, at most, to a failure to pay withheld taxes. Employees, however, are barred from suing employers for failing to pay withheld taxes to the IRS: the Internal Revenue Code provides that "[t]he employer shall be liable for the payment of the tax required to be deducted and withheld . . . and shall not be liable to any person for the amount of any such payment." 26 U.S.C. § 3403. "[T]his statute makes clear that while . . . the employer may be

4

penalized by IRS for failure to pay the tax to it, suits against it by employees for taxes withheld from the pay of such employees are statutorily barred." Chandler, 520 F. Supp. at 1156 (dismissing employee's suit against employer for alleged conversion of money withheld from employee's paycheck); see Bright v. Bechtel Petroleum, Inc., 780 F.2d 766, 770 (9th Cir. 1986) (citing Chandler, 520 F. Supp. at 1156) (affirming dismissal of claim seeking to recover withheld income tax as "statutorily barred"); Haggert v. Philips Med. Sys., Inc., No. 91-cv-30060-MAP, 1994 WL 673508, at *2 (D. Mass. Mar. 24, 1994), aff'd, 39 F.3d 1166 (1st Cir. 1994) (dismissing similar claim on same grounds).  Similarly, Massachusetts law on tax withholding "tracks" the Internal Revenue Code and "is intended to replicate the effect of its counterpart in the federal code." In re Nash Concrete Form Co., 159 B.R. 611, 615 (D. Mass. 1993).

Thus, Plaintiffs' effort to recover "the money that was deducted from their gross pay" but "never actually transmitted to tax authorities," see D. 15 at 9 n.6 (citing D. 1-4 ¶¶ 25–31), fails. Plaintiffs do not address the line of cases cited above and instead argue that they allege their wages were "never withheld for tax purposes and instead were stolen." Id. at 6; see D. 1-4 ¶ 32.  Such, however, amounts to a conclusory legal statement, see Twombly, 550 U.S. at 555, and fails to confront that withheld taxes—whether paid to the relevant tax authorities or not—are considered held "in trust" for the government, rather than property of the employee, see Slodov, 436 U.S. at 243 (stating that "[t]here is no general requirement that the withheld sums be segregated from the employer's general funds . . . or that they be deposited in a separate bank account until required to be paid to the Treasury").[3]

---

[3] Plaintiffs' reference to the Massachusetts Wage Act's general purpose "to prevent the unreasonable detention of wages," see D. 15 at 7–8 (quoting Melia v. Zenhire, Inc., 462 Mass. 164, 170 (2012)), cannot overcome the more specific statutory bar precluding actions by an employee challenging an employer's failure to pay withheld taxes to the tax authorities.  See RadLAX Gateway Hotel, LLC v. Amalgamated Bank, 566 U.S. 639, 645 (2012) (explaining the

Accordingly, Plaintiffs' claim is barred by statute.

**B.      Standing**

FedEx also argues that Plaintiffs lack standing to sue.  D. 10 at 10–11; D. 20 at 4–6.  To have standing, a plaintiff must have suffered an "injury in fact," defined as "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical."  Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992) (internal citations and quotation marks omitted).

Plaintiffs have suffered no such injury since, as discussed above, Plaintiffs have no legal right to their withheld taxes.  See Slodov, 436 U.S. at 243.  Plaintiffs, moreover, received credit on their individual tax liabilities for the amounts withheld, despite Eloah's alleged failure to pay the relevant tax authorities.  See D. 1-4 ¶ 25; Slodov, 436 U.S. at 243; Chandler, 520 F. Supp. at 1153 (citing 26 U.S.C. § 1462); Mass. Gen. L. c. 62B, § 9.  Plaintiff's contention that they "stood to receive a tax refund had their wages not been stolen," D. 15 at 9 n.5, is, therefore, not only absent from the complaint, see generally D. 1-4, but also implausible, since any failure of Eloah to pay Plaintiffs' withheld taxes to the government would not have affected their eligibility for a tax refund.  Further, while Plaintiffs allege that they were not "paid all of their gross wages earned," id. ¶ 30, they do not allege that Eloah or FedEx failed to pay them the net wages owed to them, see id. ¶¶ 25–26.

---

"well established canon of statutory interpretation" that the specific governs the general); cf. Boston Police Patrolmen's Ass'n, Inc. v. City of Boston, 435 Mass. 718, 720 (2002) (rejecting plaintiffs' argument that the "wage law is remedial and should be construed broadly to effect its intended purpose" in concluding that the "Legislature's remedy for the evil of unreasonable detention of wages [was] not applicable" to deferred compensation not considered to be property of the employee).

Accordingly, Plaintiffs allege no injury in fact and lack standing.[4]

C.  **Leave to Amend**

In their opposition, Plaintiffs request leave to amend the complaint if the Court finds their allegations insufficient. D. 15 at 11, 14. Rule 15(a) "mandates that leave to amend is to be 'freely given when justice so requires' . . . unless the amendment 'would be futile, or reward, *inter alia*, undue or intended delay.'" Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004) (quoting Fed. R. Civ. P. 15(a) and Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994)). Rule 15(a)'s "liberal amendment policy . . . does not mean that leave will be granted in all cases." Acosta-Mestre v. Hilton Int'l of P.R., Inc., 156 F.3d 49, 51 (1st Cir. 1998) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1487, at 611 (2d ed. 1990)).

Plaintiffs have identified no amendment that could cure the deficiencies discussed above as to the statutory bar or standing. Amendment, therefore, would be "futile." See Steir, 383 F.3d at 12. Accordingly, the Court denies Plaintiffs' request for leave to amend the complaint.

**VI.  Conclusion**

For the foregoing reasons, the Court ALLOWS FedEx's motion to dismiss, D. 9.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge

---

[4]Given the conclusions above, the Court need not reach FedEx's alternative argument for dismissal that, whether the statutory bar applies, this Defendant, FedEx, was not a statutory or joint employer of Plaintiffs. See D. 10 at 11–18.